NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0361n.06

No. 20-6161

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 22, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FRED LEE WILLIAMS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Fred Lee Williams pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals his 108-month sentence, arguing that the district court committed procedural error when it applied two sentencing enhancements. We reject his arguments and affirm.

I.

The facts of this case are undisputed. On July 12, 2018, police observed Williams sitting in a Honda Accord in a parking lot in Memphis, Tennessee. The driver's-side door was open; Williams retrieved a bag from the door's compartment and showed it to another person. Williams then removed a silver handgun from the center of the vehicle and waved it around. He put the gun down, got out of the Honda, and walked to a red Chrysler parked nearby. Police detained Williams and recovered a Smith & Wesson .40-caliber pistol—loaded with five rounds of ammunition—from the driver's-side floorboard of the Honda. Police also found a clear bag that contained 114.9

grams of marijuana in the driver's-side door compartment. A records search revealed that Williams was a convicted felon and that the firearm was stolen. Williams waived his *Miranda* rights and provided a written statement, admitting that he had exchanged three grams of marijuana for the gun from a "young guy" at the "corner store" earlier that day and that he had bought the gun for "protection."

A grand jury indicted Williams for being a felon in possession of a firearm, and Williams pled guilty. His Presentence Investigation Report recommended two sentencing enhancements: a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a loaded handgun "in connection with" another felony offense (here, possession with intent to deliver marijuana); and a two-level increase under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen. Williams objected to both enhancements. With respect to § 2K2.1(b)(6)(B), he argued that he possessed only a personal-use quantity of marijuana, which (he says) was unrelated to his firearm possession. He also argued that § 2K2.1(b)(4)(A) required proof that he had known that the firearm was stolen.

At sentencing, the district court overruled Williams's objections, finding that Williams possessed a "substantial quantity" of marijuana for "transactional activity" and that Williams had engaged in such activity when he exchanged marijuana for the gun earlier that day. The court also rejected Williams's mens rea argument, concluding that § 2K2.1(b)(4)(A) is a strict-liability enhancement. *See* U.S.S.G. § 2K2.1 cmt. n.8(B). The court calculated Williams's resulting advisory Guidelines range as 130 to 162 months, limited to 120 months by statute. *See* 18 U.S.C. § 924(a)(2). The court then varied downward to impose a sentence of 108 months' imprisonment. This appeal followed.

II.

Williams argues that the district court erred when it applied § 2K2.1(b)(6)(B). That enhancement increases a defendant's base offense level by four levels if the government proves by a preponderance of the evidence that a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B); *United States v. Mukes*, 980 F.3d 526, 533 (6th Cir. 2020). The government must prove a nexus between the firearm and the other felony offense, since possession "that is merely coincidental" to that felony offense is insufficient to support the enhancement. *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). We review the district court's factual findings for clear error and accord "due deference" to its determination that the firearm was used or possessed "in connection with" the other felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

Williams first asserts that the government presented no evidence of "another felony offense." As relevant here, the Guidelines define "another felony offense" as any state offense "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). Under Tennessee law, a person commits a Class E felony when he knowingly possesses more than 14.175 grams of marijuana with the intent to deliver it. *See* Tenn. Code Ann. § 39-17-417(a)(4), (g)(1). Williams possessed eight times that felony amount here. Yet he contends that, as a daily user of marijuana, he possessed the entire 114.9 grams of marijuana for personal use and therefore lacked the requisite intent to deliver it. But Williams admitted that he had exchanged several grams of marijuana for the firearm earlier that day, so the court could reasonably infer that Williams intended to distribute the remaining marijuana as well. On this record, the district court did not clearly err when it

determined that Williams's marijuana possession was "transactional activity" and thus constituted "another felony offense."

Williams further asserts that his firearm possession was merely coincidental to his marijuana possession, since (he says) he had purchased the gun for personal "protection" in a dangerous area of Memphis. That may be so, but his explanation for the presence of the firearm does not rule out that he also possessed it to protect his marijuana or otherwise to facilitate a drug offense. *See Taylor*, 648 F.3d at 433. Here, police recovered a substantial quantity of marijuana close to the firearm; both were stashed on the driver's side of the Honda, where Williams had been seated. The firearm was illegally possessed, loaded, and easily accessible; Williams admitted that he had purchased the firearm for "protection"; and he waved it around after showing the bag of marijuana to another person. Under these circumstances, the district court did not clearly err when it found that the firearm had some "emboldening role in [Williams's] felonious conduct." *Id.* at 432. Thus, the court properly applied the § 2K2.1(b)(6)(B) enhancement.

Williams also argues that the court erred when it applied § 2K2.1(b)(4)(A) for possessing a stolen firearm without first finding that he had known that the firearm was stolen. Williams concedes that we have already rejected that argument. *See, e.g.*, *United States v. Palos*, 978 F.3d 373 (2020). But he asserts that the court sentenced him without "full recognition of its authority to reject and vary" from the Guideline on policy grounds. *United States v. Johnson*, 553 F.3d 990, 992 (6th Cir. 2009).

A district court need not, however, "speak directly to its own power to depart from the Guidelines for policy reasons." *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009). And we have no reason to believe that the court failed to understand its authority here. Rather, the sentencing transcript simply shows that the court thought the enhancement was applicable under

this court's caselaw, which is a separate question from the question whether the court might seek to reject it on policy grounds. Nothing in the record here persuades us that the court misunderstood its authority.

The district court's judgment is affirmed.